UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRAVIS M. SMITH, | ) | Case No.: 3:15 CV 295 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| EDWARD SHELDON, *et al.*, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent | ) | |

*Pro se* Petitioner Travis M. Smith filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  He is currently incarcerated in the Allen-Oakwood Correctional Institution, serving a twenty-nine year and twelve month sentence for his conviction in Auglaize County on one count of aggravated robbery, with a firearm specification, two counts of the kidnaping, both with firearm specifications, and one count of possessing criminal tools.  In his Petition, he asserts three grounds for relief: (1) he was unlawfully sentenced to multiple sentences of allied offenses in violation of his Eighth and Fourteenth Amendment rights; (2) the Ohio Third District Court of Appeals denied him due process when they refused to allow him to re-open his direct appeal; and (3) he was denied the effective assistance of both trial and appellate counsel.  For the reasons set forth below, the Petition is denied and this action is dismissed.

**Background**

In May 2006, Smith entered the Community First Bank (hereinafter referred to as "the

bank") in St. Marys, located in Auglaize County, Ohio. *See State v. Smith*, No. 2-06-37, 2007 WL 1805037, at *1 (Ohio App. 3 Dist. June 25, 2007). Six tellers were present. *Id.* Smith approached one teller, demanded money, and produced a handgun. *Id.* He then jumped on the counter, ushered all of the tellers into a storage closet, waved his gun at them and told them that if they left or activated an alarm, he would hold them hostage all day. *Id.* Smith took $27,585.00 from the bank. *Id.* Police later apprehended Smith, who was in possession of the gun, a police scanner, maps charting the frequencies of different police departments, the bag used to carry the money, and the stolen money. *Id.*

In June 2006, the Auglaize County Grand Jury indicted Smith on one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree, with a firearm specification; six counts of kidnapping in violation of R.C. 2905.01(A)(2), felonies of the second degree, with firearm specifications on five of the six counts; one count of grand theft in violation of R.C. 2913.02(A)(1), a felony of the fourth degree; and, one count of possessing criminal tools in violation of R.C. 2923.24(A), a felony of the fifth degree. *Id.* Smith entered a plea of not guilty to all counts of the indictment; however, he withdrew his not guilty plea in August 2007 and entered a negotiated plea of guilty to the aggravated robbery count, with a firearm specification, two of the kidnapping counts, both with firearm specifications, and the possessing criminal tools count, in exchange for the dismissal of the remaining counts and firearm specifications. *Id.* The trial court then conducted a Criminal Rule 11 colloquy with Smith, informed him that it could proceed to sentencing that day, and accepted his guilty plea. Smith was sentenced to an aggregate prison term of twenty-nine years and twelve months.

Smith filed a timely direct appeal of his conviction and sentence to the Ohio Third District

Court of Appeals. He asserted four assignments of error:

> 1. The trial court violated Criminal Rule 32(A)(1) and the Due Process Clause in the 14th Amendment of the constitution when it failed to allow Defendant-Appellant to present information in mitigation of punishment.
>
> 2. The trial court erred when it denied Defendant's request for a presentence investigation report.
>
> 3. The trial court erred by ordering a sentence without properly considering the factors in R.C. 2929.12 through 2929.14 which resulted in a disproportionate sentence in violation of R.C. 2929.11(B).
>
> 4. The trial court erred by ordering Defendant-Appellant to pay restitution without considering his ability to pay under R.C. 2929.18(B)(6).

*Id.* at *3. The Court of Appeals affirmed his conviction and sentence on June 25, 2007. Smith did not appeal this decision to the Supreme Court of Ohio.

Instead, Smith waited seven years and then filed an Application for Reopening of his direct appeal pursuant to Ohio Appellate Rule 26(B). The Ohio Third District Court of Appeals denied the Application on June 17, 2014, stating that it was not filed within ninety days of the appellate judgment, as required by Appellate Rule 26(B)(1), and Smith did not show good cause for the untimely filing.

Smith appealed the denial of the Application to the Supreme Court of Ohio on August 1, 2014. He asserted three Propositions of Law:

> 1. Due Process and/or the right to be free from cruel and unusual punishment was violated by lower court's sentence of multiple punishments.
>
> 2. Denied right to appeal.
>
> 3. Denied effective assistance of counsel.

*See State of Ohio v. Smith,* No. 2014-1314 (Ohio S.Ct. filed Aug. 1, 2014).  The Supreme Court declined jurisdiction on October 22, 2014.

## Habeas Petition

Smith then filed this Petition for a Writ of habeas Corpus under 28 U.S.C. § 2254 on February 13, 2015.  In the Petition, he asserts the three grounds he attempted to assert in his appeal of the denial of his Application to Re-Open Appeal to the Supreme Court of Ohio:

> (1)  Petitioner was unlawfully sentenced to multiple sentences of allied offenses in violation of his Eighth and Fourteenth Amendment rights;
>
> (2)  The Ohio Third District Court of Appeals denied Petitioner due process when they refused to allow him to re-open his direct appeal; and
>
> (3)  Petitioner was denied the effective assistance of both trial and appellate counsel.

(ECF No. 1 at 5-6).

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999).  The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)).  Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  *Wilkins v.*

*Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008). The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of ... clearly established Federal law," the state-court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id*. at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under §2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its finding conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir.2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir.1998).

## Procedural Barriers to Habeas Review

Before a federal court will review the merits of a Petition for a Writ of Habeas Corpus, a Petitioner must overcome several procedural hurdles. Specifically, the Petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. Specifically, in determining whether a Petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the Petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *See Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely

6

as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the Petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a Petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state procedural grounds for a state court decision absent a clear statement to the contrary. *See Coleman*, 501 U.S. at 735.

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

7

**Analysis**

Smith's grounds for relief are procedurally defaulted. A claim may be procedurally defaulted if the Petitioner fails to obtain consideration of a claim by a state court, either due to his failure to raise that claim before the state courts while state court remedies were still available, or due to a state procedural rule that prevented the state courts from reaching the merits of his claim. *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (quoting *Seymour v. Walker*, 224 F.3d 542, 549–50 (6th Cir.2000)). To determine if a claim is procedurally defaulted the Court must determine whether: (1) there is a state procedural rule that is applicable to the Petitioner's claim and that the Petitioner failed to comply with the rule; (2) whether the state courts actually enforced the state procedural sanction; and (3) whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986).

The State of Ohio has a procedural rule that claims must be raised on direct appeal if possible; otherwise, res judicata bars their litigation in subsequent state proceedings. *See State v. Perry*, 10 Ohio St.2d 175, 180 (1967). A prisoner may file an Application to Re-Open an Appeal under App. Rule 26(B) based on ineffective assistance of appellate counsel; however, the Application must be filed within ninety days of the appellate judgment. Ohio App. R. 26(B)(5). The denial of the Application for failing to file it within the prescribed time limits is an adequate and independent state law rule. *Parker v. Bagley*, 1:01CV1672, 2006 WL 2589001 (N.D. Ohio Sept. 6, 2006). Smith did not assert his first claim for relief on direct appeal. He also did not assert his third claim pertaining to ineffective assistance of trial counsel on appeal. He attempted to re-open his direct appeal to assert those claims as well as a claim for ineffective assistance of appellate

counsel, but did not file his Application within the ninety day time period. The Application was denied on that basis. His claims are procedurally defaulted.

When a claim is procedurally defaulted, federal habeas review is barred unless the Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A Petitioner can overcome a procedural default by showing (1) there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error or (2) a fundamental miscarriage of justice would result from a bar on federal habeas review. *See Maupin*, 785 F.2d at 138; *see also Hutchison v. Bell*, 303 F.3d 720, 735 (6th Cir. 2002); *Combs v. Coyle*, 205 F.3d 269, 274-75 (6th Cir. 2000). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 484 (1986). "Such factors may include 'interference by officials,' attorney error rising to the level of ineffective assistance of counsel, and 'a showing that the factual or legal basis for a claim was not reasonably available.'" *Hargrave–Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004) (quoting *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991)). To establish prejudice, Smith must demonstrate that the constitutional error "worked to his actual and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). If a Petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986).

The Petition does not suggest any factor external to the defense precluded Smith from

9

asserting these grounds in a timely manner. He does not offer an explanation for the seven-year delay in filing his Application to Re-Open. He therefore has not demonstrated "cause" for the default.

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has probably resulted in the conviction of one who is actually innocent of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 392 (2004) (citing *Murray*, 477 U.S. at 495-96). Smith pled guilty to the charges. There is no suggestion that a fundamental miscarriage of justice occurred as a result of this procedural default. Smith's claims are barred from federal habeas review on the merits.

## Conclusion

For all the foregoing reasons, Smith's Petition for a Writ of Habeas Corpus (ECF No. 1) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

May 26, 2015